FILED
United States Court of Appeals
Tenth Circuit

November 24, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

In re: JERRY LEE SNYDER;
PAMELA ANN SNYDER,

        Debtors.

_____

PAMELA ANN SNYDER,

        Plaintiff-Counter-
        Defendant - Appellant,

        v.

SHEILA SCHLESSELMAN,

        Defendant-Counter-
        Claimant - Appellee.

No. 09-1308

(BAP No. 08-101-CO)

## ORDER AND JUDGMENT[*]

Before **HARTZ**, **SEYMOUR**, and **EBEL**, Circuit Judges.

The bankruptcy court ruled that Pamela Ann Snyder's debt to Sheila

Schlesselman was nondischargeable under 11 U.S.C § 523(a)(2)(A). The

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the party's request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Bankruptcy Appellate Panel (BAP) affirmed. Ms. Snyder now appeals to this court.

Ms. Snyder's sole issue on appeal is that the lower courts should have applied § 523(a)(2)(B), rather than § 523(a)(2)(A). She asserts that "the trial court and the BAP have transmogrified the claim from one under § 523(a)(2)(B) to one under § 523(a)(2)(A)," Aplt. Br. at 7, and "t]hus, the trial court and BAP rel[ied] on the incorrect bankruptcy code subsection," *id.*

We disagree. Our decision in *Bellco First Financial Credit Union v. Kaspar (In re Kaspar)*, 125 F.3d 1358, 1361–62 (10th Cir. 1997), clearly states that a claim under § 523(a)(2)(B) can be brought only if the debtor provided a written financial statement to the creditor. Here, Ms. Snyder never provided such a written statement to Ms. Schlesselman.

We AFFIRM the decision of the Bankruptcy Appellate Panel.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge